JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Leon Frenkel

**DEFENDANTS**

Bruce K. Klein
Victory Partners, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bergen, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Maurice R. Mitts, Esq., Mitts Law, LLC
1822 Spruce Street
Philadelphia, PA  19103   (215) 866-0110

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Breach of contract

## VII. REQUESTED IN   COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)   IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
04/18/2014

SIGNATURE OF ATTORNEY OF RECORD
Maurice R. Mitts

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 401 City Avenue, Suite 528, Bala Cynwyd, PA 19004

Address of Defendant: 123 Elbert Street, Ramsey, NJ 07446-1403

Place of Accident, Incident or Transaction: Bala Cynwyd, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?      Yes☐  No☒
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B.** *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Maurice R. Mitts , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4-18-2014      _____      50297
                     Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-18-2014      _____      50297
                     Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THEEASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENTTRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Leon Frenkel** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **Bruce K. Klein, et al.** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )


| | | |
|---|---|---|
| April 17, 2014 | Maurice R. Mitts | Attorney for Plaintiff |
| Date | Attorney-at-law | |
| | | |
| (215) 866-0110 | (215) 866-0111 | mmitts@mittslaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON FRENKEL<br>401 City Avenue, Suite 528<br>Bala Cynwyd, PA 19004,<br><br>   Plaintiff,<br><br>  v.<br><br>BRUCE K. KLEIN,<br>individually, and in all other employee,<br>owner, member, corporate and agent<br>capacities as regards his various<br>business entities,<br>123 Elbert Street<br>Ramsey, NJ 07446-1403<br> and/or<br>100 Sands Point Road, Unit # 303<br>Longport Key, FL 34228-3905,<br><br>and<br><br>VICTORY PARTNERS, LLC.<br>123 Elbert Street<br>Ramsey, NJ 07446-1403,<br><br>   Defendants. | **Civil Action**<br><br>**No. _____**<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiff Leon Frenkel ("Frenkel") asserts this Complaint (this "Complaint") against Defendants Bruce K. Klein ("KLEIN"), both individually, and in all of his other employee, owner, member, corporate and agent capacities as regards his business entities, and Victory Partners, LLC ("VPLLC") (collectively, KLEIN and VPLLC, "Defendants"), and avers, upon information and belief, as follows:

## PARTIES

1.     Frenkel is an individual with a business address at 401 City Avenue, Suite 528, Bala Cynwyd, PA 19004.

2.     Upon information and belief, KLEIN is an individual with a home address at 123 Elbert Street, Ramsey, NJ 07446-1403, and/or 100 Sands Point Road, Unit # 303, Longport Key, FL 34228-3905.  Upon information and belief, KLEIN is the *alter ego* of VPLLC.

3.     Upon information and belief, VPLLC is a New Jersey limited liability company, with KLEIN as VPLLC's sole member and its principal place of business at the address of 123 Elbert Street, Ramsey, NJ 07446-1403.

4.     The addresses set forth above and in the caption of this Complaint for Defendants are the last known addresses of such Defendants, as known or discoverable by Frenkel based upon his investigation as of the time of the filing of this Complaint.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this litigation pursuant 28 U.S.C. § 1332 as complete diversity exists among the parties, and the amount in controversy exceeds $75,000.00.

6.     This Court has personal jurisdiction over each of Defendants under 42 Pa. Cons. Stat. §§ 5301 *et seq.*, 42 Pa. Cons. Stat. § 5322 and the United States Constitution because they have transacted business within the Commonwealth of Pennsylvania and Eastern District of Pennsylvania and purposefully availed themselves of the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania, and thus should have reasonably expected their actions to have consequences within the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania.  Moreover, under both of the operative VPLLC Note and Klein Note (as such

terms are defined below), Defendants have expressly agreed to submit all claims to the federal and state courts located in the Commonwealth of Pennsylvania. *See* **Exhibits A & D**.

7.      Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. § 1391 because this District is where a substantial part of the events giving rise to this action has occurred.

## FACTUAL ALLEGATIONS

### A. VPLLC NOTE

8.      Frenkel and VPLLC executed a promissory note, dated May 7, 2010, in favor of Frenkel, for the principal amount of $153,000.00, plus standard interest at the rate of 8%, payable on demand (the "VPLLC Note"). A true and correct copy of the VPLLC Note is attached hereto as **Exhibit A** and incorporated herein by reference.

9.      Frenkel has made numerous demands that VPLLC pay the amount due to Frenkel under the VPLLC Note, including most recently by a demand letter sent by Frenkel's counsel, dated March 19, 2014 (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit B** and incorporated herein by reference.

10.     Despite Frenkel's repeated demands, including without limitation the Demand letter, VPLLC has not made any payments to Frenkel under the VPLLC Note.

11.     Accordingly, VPLLC is now in default under the VPLLC Note.

12.     Upon VPLLC's default under the VPLLC Note, interest accrues on the amount that VPLLC owes to Frenkel at the rate of 15% calculated from the VPLLC Note's execution date (the "Default Interest Rate"). *See* **Exhibit A**.

13.     The VPLLC Note also provides that VPLLC shall be liable to Frenkel for any and all collection costs "including without limitation, the reasonable attorneys' fees and disbursements of [Frenkel's] legal representative, which costs may be added to the indebtedness and shall be paid promptly on demand, together with all outstanding amounts due to [Frenkel] with interest thereon at the Default [Interest] Rate." *See id.*

14.     Pursuant to the VPLLC Note, VPLLC owes to Frenkel the $153,000.00 in unpaid principal, costs of collection, attorneys' fees and interest at the Default Interest Rate on the outstanding principal amount, costs and attorneys' fees (with such interest totaling in excess of $90,542.47, as of April 16, 2014 (*see* **Exhibit F**)) (collectively, the "VPLLC Note Amount Due").

### B. MAY 7, 2012 PLEDGE AGREEMENT

15.     KLEIN and VPLLC both executed a pledge agreement, dated May 7, 2010 (the "May 7, 2010 Pledge Agreement"), whereby KLEIN and VPLLC guaranteed the VPLLC Note. A true and correct copy of the May 7, 2010 Pledge Agreement is attached hereto as **Exhibit C** and incorporated herein by reference.

16.     As collateral under the May 7, 2010 Pledge Agreement, VPLLC pledged 400,000 shares of unrestricted and freely tradable common stock (the "New Media Shares I") in New Media Plus, Inc. ("New Media") as collateral for the VPLLC Note. *See id.*

17.     Pursuant to the same May 7, 2010 Pledge Agreement, KLEIN further guaranteed VPLLC obligations under the VPLLC Note and to pledge the New Media Shares I to Frenkel.

18.     Because VPLLC is now in default of the VPLLC Note where VPLLC has failed to make any payments to Frenkel under the VPLLC Note, despite various demands, Frenkel possesses all right, title and interest in the New Media Shares I.

4

19.     Frenkel has made numerous demands, most recently without limitation in the Demand Letter, to KLEIN and VPLLC that VPLLC transfer the New Media Shares I to Frenkel.

20.     Despite these demands, neither KLEIN nor VPLLC has transferred the New Media Shares I to Frenkel.

21.     Frenkel seeks to compel VPLLC to transfer the New Media Shares I to Frenkel pursuant to the terms of the May 7, 2010 Pledge Agreement, as further guaranteed by KLEIN.

22.     KLEIN and VPLLC are also liable, pursuant to the May 7, 2010 Pledge Agreement, to pay Frenkel all of his reasonable costs and attorneys' fees for "the exercise or enforcement of any of the rights" of Frenkel under the May 7, 2010 Pledge Agreement. *See id.*

23.     Accordingly, KLEIN and VPLLC are jointly and severally liable for any deficiency for the balance of the VPLLC Note Amount Due after transferring the New Media Shares I to Frenkel pursuant to the terms of the May 7, 2010 Pledge Agreement.

## C. KLEIN NOTE

24.     Frenkel and KLEIN executed a second promissory note, dated June 17, 2011, in favor of Frenkel, for the principal amount of $25,000.00, plus standard interest at the rate of 12% and, if applicable, as with the VPLLC Note, collection costs and attorneys' fees (the "Klein Note"). A true and correct copy of the Klein Note is attached hereto as **Exhibit D** and incorporated herein by reference.

25.     The Klein Note had a maturity date of October 17, 2011 (the "Klein Note Maturity Date"), four (4) months after its execution. *See id.*

26.     Frenkel has made numerous demands, most recently without limitation the Demand Letter, that KLEIN pay the amount due to Frenkel under the Klein Note after the Klein

Note Maturity Date. *See* **Exhibit B**.

27.     Despite Frenkel's demands, KLEIN has not made any payments to Frenkel under the Klein Note.

28.     Accordingly, KLEIN is now in default under the Klein Note.

29.     Upon KLEIN's default of the Klein Note, the Default Interest Rate applies to the amounts that KLEIN owes to Frenkel from the execution date of the Klein Note. *See* **Exhibit D**.

30.     The Klein Note also provides that KLEIN shall be liable to Frenkel for any and all collection costs "including without limitation, the reasonable attorneys' fees and disbursements of [Frenkel's] legal representative, which costs may be added to the indebtedness and shall be paid promptly on demand, together with all outstanding amounts due to [Frenkel] with interest thereon at the Default [Interest] Rate." *See id.*

31.     Pursuant to the Klein Note, and where KLEIN is in default, KLEIN owes to Frenkel the $25,000.00 principal, costs of collection, attorneys' fees and interest at the Default Interest Rate on the outstanding principal, costs and attorneys' fees (with such interest totaling $10,623.29, as of April 16, 2014 (*see* **Exhibit F**)) (collectively, the "Klein Note Amount Due").

### D. JUNE 7, 2011 PLEDGE AGREEMENT

32.     KLEIN executed a pledge agreement on June 17, 2011 (the "June 17, 2011 Pledge Agreement"), whereby KLEIN guaranteed the Klein Note by pledging as collateral 100,000 additional shares of unrestricted and freely tradable common stock in New Media (the "New Media Shares II"). A true and correct copy of the June 17, 2011 Pledge Agreement is attached hereto as **Exhibit E** and incorporated herein by reference.

33.     Because KLEIN has failed to make any payments to Frenkel under the Klein Note and is now in default under the Klein Note, Frenkel possesses all right, title and interest in the

6

New Media Shares II.  *See id.*

34.     Frenkel has made numerous demands, most recently in the Demand Letter, that KLEIN transfer the New Media Shares II to Frenkel.  *See* **Exhibit B**.

35.     Despite these numerous demands, KLEIN has not transferred the New Media Shares II to Frenkel.

36.     Frenkel seeks to compel KLEIN to transfer the New Media Shares II to Frenkel pursuant to the terms of the June 17, 2011 Pledge Agreement.

37.     KLEIN is also liable to Frenkel, pursuant to the June 17, 2011 Pledge Agreement, for all reasonable costs and attorneys' fees for "the exercise or enforcement of any of the rights" of Frenkel under the June 17, 2011 Pledge Agreement.  *See* **Exhibit E**.

38.     Accordingly, KLEIN is liable to Frenkel for any deficiency for the balance of the Klein Note Amount Due after transferring the New Media Shares II to Frenkel pursuant to the terms of the June 17, 2011.

## COUNTS

### COUNT I – BREACH OF CONTRACT

### VPLLC NOTE

### (Frenkel v. VPLLC)

39.     Frenkel incorporates by reference the averments of the preceding and remaining paragraphs of this Complaint as if set forth at length herein.

40.     As set forth above, VPLLC and KLEIN, as the *alter ego* of VPLLC, have breached and is continuing to breach the VPLLC Note by failing to pay the VPLLC Note Amount Due as required by the VPLLC Note.

41.     As a direct and proximate result of VPLLC's and KLEIN's breach as alleged above, Frenkel has suffered and will continue to suffer significant injury and damages, including but not limited to the $153,000.00 principal amount owed, costs and attorneys' fees, plus interest at the Default Interest Rate on the outstanding principal, costs and attorneys' fees.

**WHEREFORE**, Frenkel respectfully requests that this Honorable Court enter judgment in his favor and against VPLLC and KLEIN, and award Frenkel monetary damages against VPLLC and KLEIN for an amount exceeding $75,000.00 and equal to all damages proved at trial, including, but not limited to, the outstanding principal amount owed under the VPLLC Note, collection costs, attorneys' fees and interest, as well as such other and further relief as the Court deems just, appropriate, equitable and as warranted by applicable law.

## COUNT II – BREACH OF CONTRACT

## MAY 7, 2010 PLEDGE AGREEMENT

### (Frenkel v. KLEIN and VPLLC)

42.     Frenkel incorporates by reference the averments of the preceding and remaining paragraphs of this Complaint as if set forth at length herein.

43.     As set forth above, KLEIN and VPLLC have breached and are continuing to breach the May 7, 2010 Pledge Agreement by failing to either transfer the New Media Shares I to Frenkel or to pay the VPLLC Note Amount Due to Frenkel.

44.     As a direct and proximate result of VPLLC's and KLEIN's breach of the May 7, 2010 Pledge Agreement, Frenkel has suffered and will continue to suffer significant injury and damages, including but not limited to the $153,000.00 principal amount owed, costs and attorneys' fees, plus interest at the Default Interest Rate on the outstanding principal, costs and attorneys' fees.

**WHEREFORE**, Frenkel respectfully requests that this Honorable Court enter judgment in its favor and against VPLLC and KLEIN, jointly and severally, ordering that VPLLC transfer the New Media Shares I to Frenkel and award Frenkel monetary damages against KLEIN and VPLLC for an amount exceeding $75,000.00 and equal to all damages proved at trial, including, but not limited to, the outstanding principal amount owed under the VPLLC Note, collection costs, attorneys' fees and interest, as well as such other and further relief as the Court deems just, appropriate, equitable and as warranted by applicable law.

## COUNT III – BREACH OF CONTRACT

### KLEIN NOTE

### (Frenkel v. KLEIN)

45.     Frenkel incorporates by reference the averments of the preceding and remaining paragraphs of this Complaint as if set forth at length herein.

46.     As set forth above, KLEIN has breached and is continuing to breach the Klein Note by failing to pay the Klein Note Amount Due as required by the Klein Note.

47.     As a direct and proximate result of KLEIN's breach as alleged above, Frenkel has suffered and will continue to suffer significant injury and damages, including but not limited to the $25,000.00 principal amount owed, costs and attorneys' fees, plus interest at the Default Interest Rate on the outstanding principal, costs and attorneys' fees.

**WHEREFORE**, Frenkel respectfully requests that this Honorable Court enter judgment in his favor and against KLEIN, and award Frenkel monetary damages against KLEIN for an amount exceeding $75,000.00 and equal to all damages proved at trial, including, but not limited to, the outstanding principal amount owed under the Klein Note, collection costs, attorneys' fees

and interest, as well as such other and further relief as the Court deems just, appropriate, equitable and as warranted by applicable law.

## COUNT IV – BREACH OF CONTRACT

## June 17, 2011 PLEDGE AGREEMENT

## (Frenkel v. KLEIN)

48.     Frenkel incorporates by reference the averments of the preceding and remaining paragraphs of this Complaint as if set forth at length herein.

49.     As set forth above, KLEIN has breached and is continuing to breach the June 17, 2011 Pledge Agreement by failing to either transfer the New Media Shares II to Frenkel or to pay the Klein Note Amount Due to Frenkel.

50.     As a direct and proximate result of KLEIN's breach as alleged above, Frenkel has suffered and will continue to suffer significant injury and damages, including but not limited to the $25,000.00 principal amount owed, costs and attorneys' fees, plus interest at the Default Interest Rate on the outstanding principal, costs and attorneys' fees.

**WHEREFORE**, Frenkel respectfully requests that this Honorable Court enter judgment in its favor and against KLEIN, ordering that KLEIN transfer the New Media Shares II to Frenkel and award Frenkel monetary damages against KLEIN for an amount exceeding $75,000.00 and equal to all damages proved at trial, including, but not limited to, the outstanding principal amount owed under the Klein Note, collection costs, attorneys' fees and interest, as well as such other and further relief as the Court deems just, appropriate, equitable and as warranted by applicable law.

## JURY TRIAL DEMANDED

Frenkel hereby demands a jury trial of all claims for relief that may be tried before a jury.

Respectfully submitted,

**MITTS LAW, LLC**

Maurice R. Mitts, Esquire
Attorney ID No. 50297
Gerard M. McCabe, Esquire
Attorney ID No. 66564
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0112 (telephone)
(215) 866-0113 (facsimile)

*Counsel for Plaintiff Frenkel*

Dated:  April 18, 2014

Exhibit "A"

DEMAND PROMISSORY NOTE

$153,000                                                                    May 7, 2010

FOR VALUE RECEIVED, VICTORY PARTNERS LLC (referred to as "Borrower") a
New Jersey limited liability company with a principal place of business at 123 Elbert
Street, Ramsey, NJ 07446 promises to pay to the order of LEON FRENKEL (the
"Lender"), residing at 1600 Flat Rock Road, Penn Valley, PA  19072 in lawful money of
the United States of America and in immediately available funds, the  principal amount
of One Hundred Fifty Three Thousand Dollars ($153,000.00) (the "Borrowed Amount")
together with interest accruing on the outstanding principal balance from the date hereof,
as provided below.

1. **Interest and Payment**. Interest at the rate of eight percent (8%) per annum of the
   Borrowed Amount shall accrue from the date of this Note on the unpaid principal
   amount until the principal amount and all interest accrued thereon are paid. The
   Borrowed Amount, together with accrued and unpaid interest, shall be due and
   payable on Demand (the "Maturity Date"). The Borrower shall have the right to
   prepay the principal amount outstanding hereunder, together with accrued and
   unpaid interest, in whole or in part, at any time.  In the event of that the Borrower
   does not repay the principal and unpaid interest on or before the Maturity date of
   this Note or any default hereunder (as provided below) whereby the entire
   principal and interest becomes immediately due and payable, Borrower shall pay
   interest calculated from the date of this note until such time as the principal and
   interest is repaid at the rate of fifteen percent (15%) per annum (the "Default
   Rate").

2. **Event of Default**.  For the purposes of this Note, an "Event of Default" shall
   mean (i) the failure by the Borrower to make any payment due hereunder in full
   on or before the Maturity Date (such Event of Default being referred to as a
   "Monetary Default") and the receipt of written notice thereof; (ii) the appointment
   of a custodian, receiver, or liquidator for the Borrower or any of its property
   which such appointment is not discharged or dismissed within sixty (60) days (iii)
   the adjudication that the Borrower is insolvent; (iv) an admission by the Borrower
   of its inability to pay debts as they become due; (v) the Borrower shall voluntarily
   commence any proceeding under any Federal or state bankruptcy, insolvency,
   receivership or similar law; or (vi) the commencement of any proceeding under
   any bankruptcy law by or against the Borrower which is not dismissed within
   sixty (60) days. Upon the occurrence of any Event of Default, the entire principal
   sum outstanding, together with all accrued and unpaid interest and any and all
   other obligations owing under this Note, shall immediately become due and
   payable.

3. **Successors and Assigns**. This Note shall be binding upon the Borrower and its
   successors, heirs, legal representatives, and assigns, but the obligations of the
   Borrower under this note may not be assigned without the written consent of the
   Lender.

4. <u>**Jurisdiction and Choice of Law**</u>. The Borrower and Lender each: (a) acknowledge and agree that, in any suit, action or proceeding under this Note, the courts of the Commonwealth of Pennsylvania or the courts of the United States District Court for the Eastern District of Pennsylvania shall have the exclusive jurisdiction thereof, (b) consent to the jurisdiction of such court, and (c) consent to and waives any objection which they now has or may hereafter have to proper venue existing in any of such courts. The Note shall in all respects be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to its conflicts of law.

5. <u>**Waiver**</u>. Borrower waives any defense, counterclaim or setoff to any action on this Note. Presentment for payment, notice of dishonor, protest and notice of protest hereby are waived.

6. <u>**Miscellaneous**</u>. Any waiver by Lender of any term or provision of this Note, or any right, remedy or option under this Note, shall not be controlling, nor shall it prevent or estop Lender from thereafter enforcing such term or provision, right remedy or option, and the failure or refusal of Lender to insist in any one or more instances upon strict performance of any of the terms or provisions of this Note shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect; it being understood and agreed that Lender's rights, remedies and options under this Note are and shall be cumulative and are in addition to all of the rights, remedies and options of Lender at law or in equity or under any other agreement.

7. <u>**Costs**</u>. Borrower shall pay all costs of collection incurred by Lender, including without limitation, the reasonable attorney's fees and disbursements of Lender's legal representative, which costs may be added to the indebtedness and shall be paid promptly on demand, together with all outstanding amounts due to Lender with interest thereon at the Default Rate.

8. <u>**Modification**</u>. This Note cannot be changed, amended, or modified orally. This writing is intended by the parties as a final expression of this Note and also is intended as a complete and exclusive statement of the terms of this Note. No course of prior dealing between the parties, no usage of trade, and no parole or extrinsic evidence of any nature shall be used to supplement or modify any term hereof, nor are there any conditions to the full effectiveness of this Note.

9. <u>**Maximum Interest Rate**</u>. This Note is subject to the express condition that at no time shall the Borrower be obligated or required to pay interest on the principal balance at a rate which would subject Lender to either civil or criminal liability as a result of being in excess of the maximum rate which the Borrower is permitted by law to contract or agree to pay. If by the terms of this Note the Borrower is at any time required or obligated to pay interest on the principal balance at a rate in excess of such maximum rate, the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate and interest payable hereunder shall be computed at such maximum rate and the portion of all prior interest

2

payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the principal balance.

10. **Agreement in Counterparts; Facsimile Signatures.**  This Note may be executed in several counterparts and all so executed shall constitute one Note, binding on all parties hereto, notwithstanding that all the parties are not signatories to the original or the same counterpart.  A signature transmitted by facsimile or other electronic means shall have the same effect as an original signature.

     **IN WITNESS WHEREOF,** the Borrower has caused this Note to be duly executed and delivered to Lender on the date first written above.


**VICTORY PARTNERS LLC**
**Borrower**

By: _____
   Name: Bruce K Klein
   Title: Manager

**LEON FRENKEL**
**Lender**

By: _____
   Name: Leon Frenkel
   Title:

3

Exhibit "B"

MITTS LAW, LLC

1822 Spruce Street
Philadelphia, Pennsylvania 19103
Tel: (215) 866-0110   Fax: (215) 866-0111

mmitts@mittslaw.com
Direct Phone: 215.866.0110
Direct Fax: 215.866.0111

March 19, 2014

**BY FEDERAL EXPRESS AND EMAIL ONLY**

Bruce K. Klein (bklein1018@gmail.com)
123 Elbert Street
Ramsey, New Jersey 07446

Bruce K. Klein (bklein1018@gmail.com)
100 Sands Point Road, unit # 303
Longport Key, FL 34228-3905

Victory Partners LLC (bklein1018@gmail.com)
c/o Bruce K. Klein, Member
123 Elbert Street
Ramsey, New Jersey 07446

Dear Mr. Klein (individually and as member of Victory Partners LLC):

We are litigation counsel to **Leon Frenkel** ("Frenkel"). As you are aware, there are several outstanding legal obligations in the form of promissory notes and pledge agreements that both you individually ("Klein") and **Victory Partners, LLC** ("VPLLC") (collectively "You/Your") have failed to satisfy.

Your obligations are set forth below and this letter is both (i) a formal notice (though You have received earlier default notices as well) of Your failed obligations and (ii) a demand for full satisfaction of such obligations. You should be aware that the debt instruments executed by You further included fee-shifting provisions whereby Frenkel is entitled to recover all costs and reasonable attorneys' fees incurred during the collection of these outstanding amounts (which, as set forth below, he intends to pursue).

## A. $153,000.00 VICTORY PARTNERS LLC DEMAND PROMISSORY NOTE & RELATED PLEDGE AGREEMENT

On May 7, 2010, VPLLC executed a demand note (the "VPLLC Note") to Frenkel in the amount of $153,000.00. The VPLLC Note has an eight percent (8%) rate of interest and, upon an Event of Default, a default interest rate of fifteen percent (15%) back to the inception of the VPLLC Note. Frenkel has already made demands in the past for payment of the VPLLC Note to which VPLLC has failed to respond or repay the VPLLC Note (which constitutes an Event of Default as defined by the VPLLC Note). As a result, at the default rate of 15%, VPLLC owes Frenkel on the VPLLC Note a total principal amount of $153,000.00, plus $88,781.92 of unpaid

Bruce K. Klein/Victory Partners, LLC
March 19, 2014
Page 2

interest, for a total amount of **$241,781.92**.  The interest on this unpaid debt is continuing to accrue and increase.

Related to the VPLLC Note, and pursuant to that certain Pledge Agreement, dated May 7, 2010, VPLLC pledged (and Klein guaranteed) 400,000 shares of unrestricted stock of New Media Plus, Inc. ("New Media") (the "New Media Shares").  We have noted that the status of New Media Plus Inc. as a registered Nevada business entity has been revoked and its business license expired on January 31, 2013.  Neither of You has ever conveyed or produced the New Media Shares to Frenkel, though all right, title and interest in such New Media Shares has passed to Frenkel.  We intend to seek and compel New Media to deliver and convey such New Media Shares to Frenkel.

### B.   $25,000.00 BRUCE K. KLEIN 4-MONTH PROMISSORY NOTE & RELATED PLEDGE AGREEMENT

On June 17, 2011, Klein executed a note (the "Klein Note") to Frenkel in the amount of $25,000.00, which had a maturity date of October 17, 2011.  The Klein Note has a twelve percent (12%) rate of interest and, upon an Event of Default, a default interest rate of fifteen percent (15%) back to the inception of the Klein Note.  Frenkel has already demanded from Klein payment of the Klein Note to which Klein failed to respond or repay the Klein Note (which constitutes an Event of Default under the Klein Note).  As a result, at the default rate of 15%, Klein owes Frenkel on the Klein Note a total principal amount of $25,000.00, plus $10,335.62 of unpaid interest, for a total amount of **$35,335.62**.  The interest on this unpaid debt is continuing to accrue and increase.

Related to the Klein Note, and pursuant to that certain Pledge Agreement, dated June 17, 2011, Klein pledged 100,000 shares of New Media stock (the "New Media Shares II").  Neither of You has ever conveyed or produced the New Media Shares II to Frenkel, though all right, title and interest in such New Media Shares II has passed to Frenkel.  We intend to seek and compel New Media to deliver and convey such New Media Shares II to Frenkel.

### C.   OTHER FINANCIAL INDUCEMENTS

Not only have you failed to pay the above debt obligations, but you have further introduced Frenkel to, and induced Frenkel to make additional investments in, other entities and investment schemes based upon your false representations and knowing misstatements for which we will pursue you to the fullest extent as permitted by law.

For example, based upon your misrepresentations, on February 23, 2012, VPLLC and Frenkel executed a Debt Purchase Agreement whereby Frenkel purchased for the amount of $80,000.00 certain debt (in the amount of $100,000.00) owed to VPLLC by Emperial Americas, Inc. ("Emperial Debt").  You induced Frenkel to execute this Debt Purchase Agreement on the representation that Emperial would in fact become a fully reporting publicly traded entity. Emperial ceased reporting with the Securities and Exchange Commission as of June 30, 2012, only several months after Frenkel's investment.  There is no financial information currently

Bruce K. Klein/Victory Partners, LLC
March 19, 2014
Page 3

available on Emperial.  Because of this, Frenkel is unable to convert his Emperial debt into publicly tradable stock.

You should be further aware that we are investigating your integral involvement in the various investment schemes being operated by Kenneth H. Baker ("Baker") (to whom you introduced Frenkel early last year).  In particular, as a result of our investigation, we have learned that you tried to make certain large payments to **E Title Services Agency, LLC**, a Michigan entity owned by Vishnu Kumar ("E Title").  We are further aware that you attempted to make those payments (one payment for $40,000.00 and the other for $40,100.00, both of which were returned for insufficient funds) on behalf of **Omar J. Fitzgerald** ("Fitzgerald") who, with your knowledge, assisted Baker in defrauding Frenkel of a significant sum of money.  E Title is one of the entities which fraudulently received funds that were stolen from Frenkel by Baker, Fitzgerald and his other co-conspirators.  It is evident that you were funneling money to E Title on behalf of Fitzgerald and worse yet you introduced Frenkel as a possible victim to to Baker/Fitzgerald to further that scheme. Your involvement in these investment schemes and your close association to both Baker and Fitzgerald is alarming and will be prosecuted to the fullest extent that the law provides.

### D.  CONCLUSION

In order for You to avoid our prosecution of these unpaid legal obligations referenced above, you must make a complete repayment of those funds to which Frenkel is entitled pursuant to the VPLLC Note, Klein Note and the related Pledge Agreements.  Specifically, as a result of the above unpaid legal obligations, VPLLC and Klein, jointly and severally, owe Frenkel a total of $178,000.00 in unpaid principal amounts and $99,117.53 in unpaid interest amounts, for a total aggregated amount of **$277,117.53**.

**Time is of the essence**.  We insist upon a repayment of Mr. Frenkel's funds in the final aggregated amount set forth above by wire into our law firm's escrow account **by 5:00 p.m., on Friday, March 21, 2014**.  Below are wiring instructions for our Firm account:

Citizens Bank
1735 Market St.
Philadelphia, PA 19103

Routing Number 036076150

Account number 6221800777

Account:       Mitts Milavec, LLC
               Attorney IOLTA Account
               2 Logan Square
               18th & Arch Street, 12th Floor
               Philadelphia PA 19103

Bruce K. Klein/Victory Partners, LLC
March 19, 2014
Page 4


Should you fail to make this payment by the deadline, we will proceed to enforce all of our client's rights <u>without</u> further notice to you.  Be guided accordingly.

Very truly yours,

**MITTS LAW, LLC**

Maurice R. Mitts, Esquire

MRM/aeg

Exhibit "C"

## PLEDGE AGREEMENT

Pledge Agreement dated May 7, 2010, between Victory Partners LLC, a New Jersey limited liability company ("Pledgor"), Bruce Klein, an individual ("Guarantor") and Leon Frenkel ("Holder").

**1. Grant of Security.** In order to secure payment of that certain Demand Promissory Note, dated the date hereof, in favor of Holder ("Note"), Pledgor as Borrower, each of Borrower and Guarantor (collectively, "Pledgor") hereby grants and pledges to Holder all of Pledgor's right, title and interest in and to 400,000 shares of unrestricted and freely tradable common stock of New Media Plus, Inc. and all products and proceeds of such property (the "Collateral").

**2. Delivery of Collateral.** Pledgor hereby covenants and agrees that all certificates or instruments representing or evidencing the Collateral shall be delivered to and held by or on behalf of Holder pursuant hereto.

**3. Further Assurances.** Pledgor does hereby agree that at any time and from time to time, at its expense, it will promptly execute and deliver all further instruments and documents, and take all further action, that may be necessary or desirable in order to perfect and protect any security interest granted or purported to be granted hereby or to enable Holder to exercise and enforce its rights and remedies hereunder with respect to any Collateral.

**4. Default.** In the event that Pledgor shall default in payment of the Note, Holder may declare all principal and interest on the Note immediately due and payable and shall have, in addition to any remedies provided herein or by any applicable law or in equity, all the remedies of a secured party under the UCC.

**5. Expenses.** The parties hereto agree that Pledgor will upon demand pay to Holder the amount of any and all reasonable expenses, including the reasonable fees and expenses of counsel which Holder may incur in connection with (i) the sale of, or realization upon, any of the Collateral, or (ii) the exercise or enforcement of any of the rights of Holder hereunder.

**6. Preservation of Rights.** No delay or omission on the part of Holder to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver of any such right or power or any acquiescence therein. Holder's rights and remedies hereunder are cumulative and not exclusive of any other rights or remedies which Holder may have under other agreements, at law or in equity.

**7. Notices.** All notices, demands, requests, consents, approvals and other communications required or permitted hereunder must be in writing and will be effective upon receipt if delivered personally to such party, or if sent by facsimile transmission with confirmation of delivery, or by nationally recognized overnight courier service, to such address as either party may give to the other in writing.

**8. Changes in Writing.** No modification, amendment or waiver of any provision of this Agreement nor consent to any departure by Pledgor therefrom, will in any event be effective unless the same is in writing and signed by Holder, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given. No notice to or demand on Pledgor in any case will entitle Pledgor to any other or further notice or demand in the same, similar or other circumstance.

**9. Entire Agreement.** This Agreement (including the documents and instruments referred to herein)

constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

**10.  Continuing Security Interest.**  This Agreement shall create a continuing security interest in the Collateral and shall remain in full force and effect until final and indefeasible payment in full of the Note.

**11.  Governing law and Jurisdiction.**  This Agreement has been delivered to and accepted by Holder and will be deemed to be made in the State of New York.

VICTORY PARTNERS LLC


By:_____
    Name:
    Title:


BRUCE KLEIN


By:_____
    Name:
    Title:

circumstance.

**9.** **Entire Agreement.** This Agreement (including the documents and instruments referred to herein) constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

**10.** **Continuing Security Interest.** This Agreement shall create a continuing security interest in the Collateral and shall remain in full force and effect until final and indefeasible payment in full of the Note.

**11.** **Governing law and Jurisdiction.** This Agreement has been delivered to and accepted by Holder and will be deemed to be made in the State of New York.

VICTORY PARTNERS LLC

By

Name: Bruce K Klein

Title: Monager

BRUCE KLEIN

By

Name:

Title:

Exhibit "D"

DEMAND PROMISSORY NOTE

$25,000                                                                June 17, 2011

FOR VALUE RECEIVED, **Bruce Klein**, an individual residing at 123 Elbert Street, Ramsey, NJ 07446 (referred to as "Borrower") promises to pay to the order of **Leon Frenkel** (the "Lender"), residing at 1600 Flat Rock Road, Penn Valley, PA 19072, in lawful money of the United States of America and in immediately available funds, the principal amount of Twenty Five Thousand Dollars ($25,000.00) (the "Borrowed Amount") together with interest accruing on the outstanding principal balance from the date hereof, as provided below.

1. **Interest and Payment**. Interest at the rate of twelve percent (12%) per annum of the Borrowed Amount shall accrue from the date of this Note on the unpaid principal amount until the principal amount and all interest accrued thereon are paid. The Borrowed Amount, together with accrued and unpaid interest, shall be due and payable on October 17, 2011 (the "Maturity Date"). The Borrower shall have the right to prepay the principal amount outstanding hereunder, together with accrued and unpaid interest, in whole or in part, at any time.  In the event of that the Borrower does not repay the principal and unpaid interest on or before the Maturity date of this Note or any default hereunder (as provided below) whereby the entire principal and interest becomes immediately due and payable, Borrower shall pay interest calculated from the date of this note until such time as the principal and interest is repaid at the rate of fifteen percent (15%) per annum (the "Default Rate").

2. **Event of Default**.  For the purposes of this Note, an "Event of Default" shall mean (i) the failure by the Borrower to make any payment due hereunder in full on or before the Maturity Date (such Event of Default being referred to as a "Monetary Default") and the receipt of written notice thereof; (ii) the appointment of a custodian, receiver, or liquidator for the Borrower or any of its property which such appointment is not discharged or dismissed within sixty (60) days (iii) the adjudication that the Borrower is insolvent; (iv) an admission by the Borrower of its inability to pay debts as they become due; (v) the Borrower shall voluntarily commence any proceeding under any Federal or state bankruptcy, insolvency, receivership or similar law; or (vi) the commencement of any proceeding under any bankruptcy law by or against the Borrower which is not dismissed within sixty (60) days. Upon the occurrence of any Event of Default, the entire principal sum outstanding, together with all accrued and unpaid interest and any and all other obligations owing under this Note, shall immediately become due and payable.

3. **Successors and Assigns**. This Note shall be binding upon the Borrower and its successors, heirs, legal representatives, and assigns, but the obligations of the Borrower under this note may not be assigned without the written consent of the Lender.

1

4. **Jurisdiction and Choice of Law**.  The Borrower and Lender each: (a) acknowledge and agree that, in any suit, action or proceeding under this Note, the courts of the Commonwealth of Pennsylvania or the courts of the United States District Court for the Eastern District of Pennsylvania shall have the exclusive jurisdiction thereof, (b) consent to the jurisdiction of such court, and (c) consent to and waives any objection which they now has or may hereafter have to proper venue existing in any of such courts. The Note shall in all respects be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to its conflicts of law.

5. **Waiver**.  Borrower waives any defense, counterclaim or setoff to any action on this Note.  Presentment for payment, notice of dishonor, protest and notice of protest hereby are waived.

6. **Miscellaneous**.  Any waiver by Lender of any term or provision of this Note, or any right, remedy or option under this Note, shall not be controlling, nor shall it prevent or estop Lender from thereafter enforcing such term or provision, right remedy or option, and the failure or refusal of Lender to insist in any one or more instances upon strict performance of any of the terms or provisions of this Note shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect; it being understood and agreed that Lender's rights, remedies and options under this Note are and shall be cumulative and are in addition to all of the rights, remedies and options of Lender at law or in equity or under any other agreement.

7. **Costs**.  Borrower shall pay all costs of collection incurred by Lender, including without limitation, the reasonable attorney's fees and disbursements of Lender's legal representative, which costs may be added to the indebtedness and shall be paid promptly on demand, together with all outstanding amounts due to Lender with interest thereon at the Default Rate.

8. **Modification**.  This Note cannot be changed, amended, or modified orally. This writing is intended by the parties as a final expression of this Note and also is intended as a complete and exclusive statement of the terms of this Note. No course of prior dealing between the parties, no usage of trade, and no parole or extrinsic evidence of any nature shall be used to supplement or modify any term hereof, nor are there any conditions to the full effectiveness of this Note.

9. **Maximum Interest Rate**.  This Note is subject to the express condition that at no time shall the Borrower be obligated or required to pay interest on the principal balance at a rate which would subject Lender to either civil or criminal liability as a result of being in excess of the maximum rate which the Borrower is permitted by law to contract or agree to pay.  If by the terms of this Note the Borrower is at any time required or obligated to pay interest on the principal balance at a rate in excess of such maximum rate, the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate and interest payable hereunder shall be computed at such maximum rate and the portion of all prior interest

2

payments in excess of such maximum rate shall be applied and shall be deemed to
have been payments in reduction of the principal balance.

10. **Agreement in Counterparts; Facsimile Signatures.**  This Note may be executed
in several counterparts and all so executed shall constitute one Note, binding on
all parties hereto, notwithstanding that all the parties are not signatories to the
original or the same counterpart.  A signature transmitted by facsimile or other
electronic means shall have the same effect as an original signature.

    **IN WITNESS WHEREOF,** the Borrower has caused this Note to be duly executed
and delivered to Lender on the date first written above.

**BRUCE KLEIN**                                **LEON FRENKEL**
**Borrower**                                   **Lender**

By:_____        By:_____

3

Exhibit "E"

## PLEDGE AGREEMENT

Pledge Agreement dated June 17, 2011, between, **Bruce Klein** ("Pledgor") and **Leon Frenkel** ("Holder").

**1. Grant of Security.** In order to secure payment of that certain Promissory Note, dated the date hereof, in favor of Holder ("Note"), Pledgor as Borrower hereby grants and pledges to Holder all of Pledgor's right, title and interest in and to 100,000 shares of common stock of **New Media Plus, Inc.**, a Nevada corporation, and all products and proceeds of such property (the "Collateral"). Pledgor irrevocably appoints Holder its attorney-in-fact to vote the Collateral shares until the Note is repaid in full.

**2. Delivery of Collateral.** Pledgor hereby covenants and agrees that all certificates or instruments representing or evidencing the Collateral shall be delivered to and held by or on behalf of Holder pursuant hereto.

**3. Further Assurances.** Pledgor does hereby agree that at any time and from time to time, at its expense, it will promptly execute and deliver all further instruments and documents, and take all further action, that may be necessary or desirable in order to perfect and protect any security interest granted or purported to be granted hereby or to enable Holder to exercise and enforce its rights and remedies hereunder with respect to any Collateral.

**4. Default.** In the event that Pledgor shall default in payment of the Note, Holder may declare all principal and interest on the Note immediately due and payable and shall have, in addition to any remedies provided herein or by any applicable law or in equity, all the remedies of a secured party under the Uniform Commercial Code of Pennsylvania, or otherwise available to it, at law or in equity, including, without limitation, the right to dispose of the Pledged Collateral at public or private sale(s) or other proceedings, and Pledgor agrees that, if permitted by law, Holder or its nominee may become the purchaser at any such sale(s). Pledgor hereby irrevocably appoints Holder its attorney-in-fact, subject to the terms hereof, during the continuation of such Event of Default under the Note, at Holder's option, (i) to effectuate the transfer of the Pledged Collateral on the books of the issuer thereof to the name of Holder or to the name of Holder's nominee, designee or assignee; (ii) to endorse and collect checks payable to Pledgor representing distributions or other payments on the Pledged Collateral; and (iii) to carry out the terms and provisions hereof.

**5. Expenses.** The parties hereto agree that Pledgor will upon demand pay to Holder the amount of any and all reasonable expenses, including the reasonable fees and expenses of counsel which Holder may incur in connection with (i) the sale of, or realization upon, any of the Collateral, or (ii) the exercise or enforcement of any of the rights of Holder hereunder.

**6. Preservation of Rights.** No delay or omission on the part of Holder to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver of any such right or power or any acquiescence therein. Holder's rights and remedies hereunder are cumulative and not exclusive of any other rights or remedies which Holder may have under other agreements, at law or in equity.

**7. Notices.** All notices, demands, requests, consents, approvals and other communications

required or permitted hereunder must be in writing and will be effective upon receipt if delivered personally to such party, or if sent by facsimile transmission with confirmation of delivery, or by nationally recognized overnight courier service, to such address as either party may give to the other in writing.

**8.  Changes in Writing.** No modification, amendment or waiver of any provision of this Agreement nor consent to any departure by Pledgor therefrom, will in any event be effective unless the same is in writing and signed by Holder, and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given. No notice to or demand on Pledgor in any case will entitle Pledgor to any other or further notice or demand in the same, similar or other circumstance.

**9. Entire Agreement.** This Agreement (including the documents and instruments referred to herein) constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof.

**10. Continuing Security Interest.** This Agreement shall create a continuing security interest in the Collateral and shall remain in full force and effect until final and indefeasible payment in full of the Note.

**11. Governing law and Jurisdiction.** This Agreement has been delivered to and accepted by Holder and will be deemed to be made in Commonwealth of Pennsylvania. Pledgor and Holder each (a) acknowledge and agree that, in any suit, action or proceeding under this Agreement, the courts of the Commonwealth of Pennsylvania or the courts of the United States District Court for the Eastern District of Pennsylvania shall have the exclusive jurisdiction thereof, (b) consent to the jurisdiction of such court, and (c) consent to and waives any objection which they now has or ma hereafter have to proper venue existing in any of such courts.  The Agreement shall in all respects be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to its conflicts of law.


**BRUCE KLEIN**
"Pledgor"

By:_____

**LEON FRENKEL**
"Holder"

By:_____

Exhibit "F"

**KLEIN DEBTS**

**BRUCE KLEIN**

| | Date | Rate | Due | Default Rate | Daily Rate | | Date | Days | Interest | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| $ 25,000.00 | 6/17/2011 | 12% | 10/17/2011 | 15% | $ | 10.27 | 4/16/2014 | 1,034 | $ 10,623.29 | $ 35,623.29 |

**VICTORY PARTNERS**
**NEW MEDIA PLUS**

| | Date | Rate | Due | Default Rate | Daily Rate | | Date | Days | Interest | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| $ 153,000.00 | 5/7/2010 | 12% | ON DEMAND | 15% | $ | 62.88 | 4/16/2014 | 1,440 | $ 90,542.47 | $ 243,542.47 |

|  |  |
|---|---|
| Combined Total: | $ 279,165.75 |