IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON FRENKEL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRUCE K. KLEIN, et al., | : | No. 14-2275 |
| Defendants. | : | |

**MEMORANDUM**

**Schiller, J.** December 22, 2016

Leon Frenkel sued Defendants Bruce Klein and Victory Partners LLC ("VPLLC") for breach of contract arising from two promissory notes, each secured by a pledge agreement. After a protracted procedural battle, Defendants filed a Motion for Partial Summary Judgment on Counts I and II, which allege breach of a May 2010 promissory note and its pledge agreement, respectively. Pursuant to Federal Rule of Civil Procedure 56(f), the Court notified the parties of its intent to grant summary judgment on Count I in favor of Frenkel. Because it is undisputed that VPLLC has failed to repay the money borrowed in the promissory note, the Court grants Frenkel summary judgment on Count I as against VPLLC. But because there remains a factual dispute about whether VPLLC is the alter ego of Klein, the Court denies summary judgment on Count I as against Klein.

**I. BACKGROUND**

**A. Factual History**

The parties do not dispute the existence of the four contracts at the heart of this case: two promissory notes, each secured by a pledge agreement.

On May 7, 2010, VPLLC executed a promissory note in favor of Frenkel for a principal amount of $153,000 (the "VPLLC Note"). (Def.'s Mot. Partial Summ. J. Ex. A, ECF No. 57.) Klein signed the note on behalf of VPLLC, identifying himself as "Manager." (*Id.*) The promissory note was payable on demand and listed a fifteen percent annual interest rate in the event of default. (*Id.*) The note also provided that VPLLC would pay all costs of collection, including reasonable attorney's fees. (*Id.*) That same day, as collateral security for the VPLLC Note, VPLLC pledged "400,000 shares of unrestricted and freely tradable common stock of New Media Plus, Inc." (the "VPLLC Pledge Agreement"). (*Id.* Ex. B.) Klein signed the pledge agreement twice, once on behalf of VPLLC as the pledgor, again identifying himself as "Manager," and once on behalf of himself as guarantor. (*Id.*) The VPLLC Note and the VPLLC Pledge Agreement each contained an integration clause, which stated that the contract formed the entire agreement between the parties. (*Id.*; *id.* Ex. A.) One month later, New Media issued Frenkel 450,000 shares of its common stock. (*Id.* Exs. E–G.)

A year later, Klein executed a promissory note in favor of Frenkel for a principal amount of $25,000, due on October 17, 2011 (the "Klein Note"). (Compl. Ex. D, ECF No. 1.) Klein pledged an additional "100,000 shares of common stock of New Media Plus, Inc." as collateral security for the second note (the "Klein Pledge Agreement"). (*Id.* Ex. E.) Each contract also contained an integration clause. (*Id.*; *id.* Ex. D.)

Frenkel's attorney, JBF,[1] first followed up with Klein by email about repayment of the VPLLC Note on August 30, 2011. (Pl.'s Resp. Opp'n Ex. E ["Frankel Aff."] at Ex. 1, ECF No. 58.) JBF followed up with Klein repeatedly over the next two years about both notes, but Frenkel never received repayment on either. (*Id.*; Answer ¶¶ 10, 27, ECF No. 52; Def.'s Mot. Partial

---

[1] Frenkel's attorney is Jerrold B. Frankel. Because his name is so similar to Plaintiff's, the Court will refer to Mr. Frankel by his initials.

2

Summ. J. Ex. I ¶¶ 23–24; Pl.'s Resp. Opp'n 2.) Frenkel also claimed that he never received the pledged collateral for either promissory note. (Pl.'s Resp. Opp'n 9; Compl. ¶¶ 34–35.)

### B. Procedural History

In April 2014, Frenkel filed a complaint alleging four counts of breach of contract: Counts I and II for the VPLLC Note and Pledge Agreement, and Counts III and IV for the Klein Note and Pledge Agreement, respectively. Four months later, the Court entered default judgment against Klein and VPLLC under Rule 55(b)(2). A year passed before Defendants entered an appearance and moved to set aside the default. (Def.'s Mot. Set Aside Default, ECF No. 28.) After thorough briefing and an evidentiary hearing, the Court set aside the default judgment in March 2016.

In its motion for partial summary judgment on Counts I and II, Defendants argued that Frenkel had received the 450,000 shares of New Media stock in satisfaction of the VPLLC Pledge Agreement, and ultimately in satisfaction of the VPLLC Note. (Def.'s Mot. Partial Summ. J. 1–2, 4.) Frenkel countered that the 450,000 shares were not "unrestricted and freely tradable," as required by the VPLLC Pledge Agreement. (Pl.'s Resp. Opp'n 13.) Neither party alleged that VPLLC had in any other way repaid the $153,000 required by the VPLLC Note.

The Court denied summary judgment on Count II. The Court clarified that "unrestricted and freely tradable" means shares that "can be sold freely in public or private sale under registration with the Securities Act or pursuant to an exemption in the Securities Act, and [that] are not subject to any external condition." The Court decided that a genuine issue of material fact remains as to whether the 450,000 shares of New Media stock are "unrestricted and freely

tradable." The Court also notified the parties, pursuant to Rule 56(f), of its intention to grant partial summary judgment on Count I to Frenkel.[2]

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 286 (3d Cir. 2009). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

## III. DISCUSSION

Count I presents the Court with two questions: (1) has VPLLC breached its obligations under the VPLLC Note, and (2) can Klein be held liable for VPLLC's breach as its alter ego? The Court will address each question in turn.

### A. VPLLC Breached the VPLLC Note

Under the plain terms of the VPLLC Note, Pennsylvania law governs the Court's analysis. (Def.'s Mot. Partial Summ. J. Ex. A.) In Pennsylvania, a plaintiff asserting a breach of

---

[2] In its response to the Court's Rule 56(f) notice, Frenkel also requested summary judgment on Count III. (Pl.'s Resp. Rule 56(f) Order 1–2, ECF No. 63.) The Court declines to consider this eleventh hour attempt to circumvent Federal Rule of Civil Procedure 56(b) and the Court's July 7, 2016 Scheduling Order.

4

contract claim must allege: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010) (internal citation omitted); *accord Tuno v. NWC Warranty Corp.*, 552 F. App'x 140, 145 (3d Cir. 2014) (relying on *McShea*). When a contract's language is clear and unambiguous, "'the focus of interpretation is upon the terms of the agreement as *manifestly expressed*, rather than as, perhaps, silently intended.'" *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 93 (3d Cir. 2001) (quoting *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982)). "Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract." *Id.* (internal quotation marks omitted).

It is undisputed that Frenkel and VPLLC entered into a contract in which VPLLC promised to repay Frenkel $153,000 upon demand, plus interest and costs. It is also undisputed that despite repeated demands, VPLLC has not paid Frenkel. Under the terms of the Note, VPLLC has defaulted on its obligation. (Def.'s Mot. Partial Summ. J. Ex. A (stating that default includes "failure by the Borrower to make any payments due hereunder in full on or before the Maturity Date," which was upon demand).) Therefore, VPLLC has breached the Note, and owes Frenkel damages of $153,000, plus fifteen percent interest per annum (calculated from May 7, 2010), plus all costs of collection, including reasonable attorney's fees.

Defendants argue that the 450,000 shares of New Media stock satisfied the VPLLC Note. They claim that Frenkel executed the VPLLC Note and Pledge Agreement in order to invest in New Media Plus, Inc., and that Defendants merely served as the middleman. (Def.'s Mot. Partial Summ. J. 2, 4-6; Def.'s Resp. Rule 56(f) Notice, 2–5, ECF No. 62.) But Defendants' theory contravenes the clear language of the two contracts. The VPLLC Note is plainly a promissory

note, requiring payment of the borrowed sum on demand. The VPLLC Pledge Agreement plainly secures the VPLLC Note by requiring VPLLC to turn over certain stocks as collateral. Whether the 450,000 shares of New Media stock are good collateral under the VPLLC Pledge Agreement is a question of fact for the fact-finder. But even if these shares are good collateral, they will remain just that—collateral. VPLLC's breach of the VPLLC Note may entitle Frenkel to keep the 450,000 shares, but the shares do not necessarily cover the full amount of damages owed by VPLLC. *See Lyon Fin. Servs., Inc. v. TIDC-Irving, Inc.*, 392 F. Supp. 2d 698, 703 (E.D. Pa. 2005) (holding that any problem with the collateral "has no bearing on whether a contract existed between the parties and whether Defendants breached the contract by failing to make due payments").

### B. Piercing the Corporate Veil

Frenkel asserts Count I against both VPLLC and Klein, even though only VPLLC is a party to the VPLLC Note. (Compl. ¶ 40–41.) Frenkel seeks to pierce VPLLC's corporate veil and hold Klein liable for VPLLC's breach as its alter ego.[3] (*Id.*)

Pennsylvania has a strong presumption against piercing the corporate veil. *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995). But "the corporate veil is properly pierced whenever one in control of a corporation uses that control or corporate assets to further one's own personal interests." *Coll. Watercolor Grp., Inc. v. William H. Newbauer, Inc.*, 360 A.2d 200, 207 (Pa. 1976). Pennsylvania courts apply a totality of the circumstances test to decide whether

---

[3] Frenkel proposes that the Court consider Klein as the guarantor of the VPLLC Note because both the VPLLC Note and the VPLLC Pledge Agreement are part of one transaction. (Pl.'s Resp. Rule 56(f) Order 1 & n.1.) The Court does consider both the VPLLC Note and the VPLLC Pledge Agreement as part of one transaction for purposes of contract interpretation. Restatement (Second) of Contracts § 202(2) (Am. Law Inst. 1981). But this does not allow the Court to write Klein's name onto the Note. The contracts clearly state that Klein is guarantor of the collateral security, not guarantor of the $153,000 loan. *See Bohler-Uddeholm Am., Inc., Inc.*, 247 F.3d at 93.

to pierce the corporate veil, which may be done "'whenever [it is] necessary to avoid injustice.'" *Plastipak Packaging, Inc. v. DePasquale*, 75 F. App'x 86, 88 (3d Cir. 2003) (quoting *Rinck v. Rinck*, 526 A.2d 1221, 1223 (Pa. Super. Ct. 1987)).

To determine whether to pierce the veil, Pennsylvania courts consider factors that include "[t]he failure to observe corporate formalities; non-payment of dividends; insolvency of debtor corporation; siphoning the funds from corporation by dominant shareholders; non-functioning of other officers and directors; absence of corporate records; whether the corporation is a mere façade for the operations of a common shareholder or shareholders; and gross undercapitalization.'" *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 333 n.7 (3d Cir. 2000) (internal quotation marks omitted); *see Lumax Indus., Inc.*, 669 A.2d 893 at 895. These factors are not exhaustive, and the party seeking to pierce the corporate veil need not show every factor. *Siematic Mobelwerke GmbH & Co. KG v. Siematic Corp.*, 643 F. Supp. 2d 675, 695 (E.D. Pa. 2009).

Defendants concede that Klein is the sole member of VPLLC. (Answer ¶ 3.) But this is insufficient, without more, to pierce the corporate veil. *See Commonwealth Dep't of Envtl. Prot. v. Trainer Custom Chem. LLC*, Civ. A. No. 15-1232, 2016 WL 4525451, at *11 (E.D. Pa. Aug. 30, 2016) (declining to pierce the corporate veil at the summary judgment stage despite the plaintiff presenting significantly more evidence than sole membership). Besides an allegation that VPLLC and Klein share the same address—which Defendants dispute—Frenkel has provided no other evidence that VPLLC is the alter ego of Klein. Therefore, whether VPLLC is the alter ego of Klein must be decided by the fact-finder at trial. Because piercing the corporate veil sounds in equity and does not carry a right to trial by jury, the Court will determine whether VPLLC is Klein's alter ego. *See Golden Acres, Inc. v. Sutton Place Corp.*, 879 F.2d 857 (3d Cir.

1989) (summarily affirming decision to pierce the corporate veil at a bench trial, after the district court had previously held in *United States v. Golden Acres, Inc.*, 684 F. Supp. 96, 103 (D. Del. 1988), that there was no right to a jury trial on whether to pierce the corporate veil); *Clientron Corp. v. Devon IT, Inc.*, 154 F. Supp. 3d 132, 141 (E.D. Pa. 2015).

## IV. CONCLUSION

For the foregoing reasons, the Court grants partial summary judgment to Frenkel on Count I of his complaint, as against VPLLC only. Count I will proceed to trial solely on whether Frenkel can pierce the corporate veil and hold Klein liable for VPLLC's breach, with a decision to be made by the Court. Count II will proceed to trial on whether the 450,000 shares of New Media stock are "unrestricted and freely tradable" under the VPLLC Pledge Agreement, with a decision to be made by the jury.

An Order consistent with this Memorandum will be docketed separately.