**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLA PASTERNACK, Executrix** | : | |
| **of the Estate of Leon Frenkel,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BRUCE K. KLEIN, et al.** | : | **No. 14-2275** |
| **Defendants.** | : | |

**MEMORANDUM**

**Schiller, J.**                                                                               **April 27, 2017**

Pursuant to a partial settlement entered on the record, Bruce K. Klein agreed to pay $50,000 to Leon Frenkel in satisfaction of two outstanding contracts. The executed Settlement Agreement (the "Agreement") required payment by February 9, 2017—a deadline that Klein missed. The Court then ordered Klein to comply with the Agreement by April 14, 2017—a deadline that Klein missed. To date, Klein has failed to make any payment.

Following a contempt hearing held on April 27, 2017, the Court finds that Klein is in civil contempt of court. Klein is ordered to comply with the Settlement Agreement by 11:59 PM EDT on Friday, April 28, 2017. For every subsequent day that Klein fails to comply with the Settlement Agreement, he shall pay fine of $250 per day to the Eastern District of Pennsylvania. The fines will continue until he complies with the Agreement. Continued failure to comply with the Court's Orders may result in additional sanctions, including incarceration.

## I.      BACKGROUND

This action is the latest episode in this multi-year contract dispute. In April 2014, Frenkel sued Klein and Victory Partners, LLC for breach of four contracts signed in 2010 and 2011.

(Compl.) After nearly three years of procedural runaround, the parties went to trial on Monday, January 9, 2017. The morning of trial, Frenkel and Klein announced on the record that they had settled two of the four disputed contracts for $50,000. (Tr. 6–8.) They agreed that Klein would provide Frenkel with a release by Wednesday, January 11, 2017, and that Klein would remit payment to Frenkel 15 days later, by January 26, 2017. (*Id.*)

Frenkel and Klein subsequently memorialized the settlement in a Settlement Agreement, which stated that the $50,000 would be paid within 15 days of the execution of the Agreement. (Pl.'s Mem. Law Supp. Mot. Enforce Settlement Agreement 1–2.) Frenkel executed the Agreement on January 20, and Klein executed the Agreement on January 25. (*Id.*) Pursuant to the Settlement Agreement, Klein was therefore required to remit payment by February 9—a deadline he failed to meet.

On February 14, Frenkel filed a motion to enforce the Settlement Agreement, requesting that the Court order Klein to comply. (*Id.*) The motion also requested an award of attorney's fees as a sanction. (*Id.*) Seventeen days later, Klein filed a response, conceding that the Agreement was enforceable and that he was obligated to pay the $50,000 settlement. (Def.'s Resp. Mot. Enforce Settlement 1–2.) Klein claimed that he was working diligently to arrange payment, and would be able to pay Frenkel by Friday, March 10. (*Id.*) Klein also offered to pay Frenkel an additional $1,000 to compensate Frenkel for the inconvenience, attorney's fees, and costs. (*Id.*)

Frenkel passed away one day later, on March 4. One month later, the Court granted a motion to substitute Frenkel's daughter and executrix, Alla Pasternack, as plaintiff. Pasternack subsequently informed the Court that she had not received either the required $50,000 or the promised additional $1,000 from Klein. On April 11, the Court granted Pasternack's motion to

enforce the Settlement Agreement and ordered Klein to remit payment to Pasternack by April 14—another deadline he failed to meet.

The Court held a contempt hearing on April 27, during which Klein testified under oath to his present inability to pay Pasternack the $50,000 owed under the Settlement Agreement. Klein testified that he earned roughly $3,000 a month, and had been living off of a $15,000 death benefit received at the end of December 2016. He testified that he had anticipated receiving $97,000 in late January as compensation for consulting work, but had not yet received the money. Klein provided no additional evidence of his current assets and income, or lack thereof, and claimed that he had no personal bank account. Finding the contempt standard satisfied, the Court held Klein in contempt.

## II.    CONTEMPT STANDARD

Civil contempt sanctions are nonpunitive, avoidable penalties "designed to compel future compliance with a court order." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). These sanctions serve two purposes: "one coercive and the other compensatory." *Harris v. City of Phila.*, 47 F.3d 1311, 1328 (3d Cir. 1995) (citing *Bagwell*, 512 U.S. 828–829). Coercive sanctions aim "to coerce the defendant into compliance with the court's order." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (internal quotation marks omitted). Compensatory sanctions "make reparation to the injured party and restore the parties to the position they would have held had the injunction been obeyed." *Id.* (internal quotation marks omitted).

Civil contempt "is a 'severe remedy, and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *First Niagara Risk Mgmt., Inc. v. Kolongowski*, Civ. A. No. 16-0719, 2017 WL 660855, at *5 (E.D. Pa. Feb. 17, 2017)

(quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)). Due process requires "notice and a hearing before a finding of contempt is made and before the imposition of contempt sanctions so that the parties have an opportunity to explain the conduct deemed deficient and that a record will be available to facilitate appellate review." *Harris*, 47 F.3d at 1322 (internal quotation marks and ellipses omitted).

To hold a party in civil contempt, "the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Id.* at 1326. These elements must be supported with "clear and convincing evidence," and the court must resolve any ambiguities in favor of the party charged with contempt. *Id.* at 1321, 1326. "[W]illfulness is not a necessary element of civil contempt," and good faith is not a defense. *Robin Woods Inc.*, 28 F.3d at 399 (internal quotation marks omitted).

A district court judge "may impose a wide range of sanctions" for civil contempt. *Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC*, Civ. A. No. 07-1053, 2011 WL 1399081, at *5 (W.D. Pa. Apr. 12, 2011). The judge may impose a fine intended to coerce the contemnor into compliance (paid to the court) or to compensate the complainant for losses sustained (paid to the complainant), *id.* at *5–*6; *see Shulman v. Chromatex, Inc.*, Civ. A. No. 08-0229, 2012 WL 3289006, at *3 (M.D. Pa. Aug. 10, 2012). The judge may also jail an individual found in contempt of court, provided that the contemnor can avoid or terminate his confinement by showing compliance with the Court's order, *Int'l Plastics & Equip. Corp.*, 2011 WL 1399081 at *5.

The Third Circuit has mandated, however, that the district court use "the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *Matter of Grand Jury Impaneled Jan. 21, 1975*, 529 F.2d 543, 551 (3d Cir. 1976). "If

compliance is not forthcoming, the initial penalty may be increased, or a new penalty appropriate under the circumstances may be selected." *Id.*

A fine of between $100 and $1,000 per day is often used to coerce compliance with court orders. *See, e.g.*, *Marks & Sokolov, LLC v. Mireskandari*, Civ. A. No. 13-3152, 2015 WL 4557271, at *5 (E.D. Pa. July 29, 2015) (imposing a $250 per day coercive fine); *Int'l Plastics & Equip. Corp.*, 2011 WL 1399081, at *9 (imposing a $1,000 per day coercive fine); *Carpenters Health & Welfare Fund of Phila. v. Special Servs. for Bus. & Educ., Inc.*, Civ. A. No. 09-4701, 2011 WL 2162902, at *3 (E.D. Pa. June 1, 2011) (imposing a $1,000 per day coercive fine); *Schutter v. Herskowitz*, Civ. A. No. 07-3823, 2008 WL 4822012, at *9 (E.D. Pa. Nov. 6, 2008) (imposing a $100 per day coercive fine).

## III.    DISCUSSION

The standard for civil contempt is plainly satisfied here. Klein does not dispute that the Court's April 11, 2017 Order was valid, that he knew about the Order, and that he has so far failed to comply with the Order. *See Harris*, 47 F.3d at 1326. Indeed, Klein has made *no* attempt to remit *any* payment. Therefore, the Court holds that Klein is in civil contempt of the Court's Order.

Because the Court must select "the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders," Klein will receive one final chance to avoid a contempt sanction. *Matter of Grand Jury Impaneled Jan. 21, 1975*, 529 F.2d at 551. Thus, Klein is ordered to comply with the Settlement Agreement by Friday, April 28, 2017. If Klein fails to comply with the Agreement by 11:59 PM EDT on April 28, he is ordered to pay a fine of $250 per day to the Eastern District of Pennsylvania, beginning on Saturday, April 29,

2017. Klein will be subject to the fine until he complies with the Settlement Agreement or the Court orders otherwise.

Klein has argued that he is financially unable to satisfy his obligations under the Settlement Agreement. A court should not impose civil contempt on a party when compliance with a court order is impossible. *United States v. Rylander*, 460 U.S. 752, 757 (1983); *United States v. Chabot*, No. 16-3873, 2017 WL 975962, at *2 (3d Cir. Mar. 13, 2017). But to demonstrate impossibility, Klein "must show categorically and in detail why he is unable to comply." *United States v. Baker Funeral Home, Ltd.*, 196 F. Supp. 3d 530, 554 (E.D. Pa. 2016) (internal quotation marks omitted). Mere testimony, unsupported with documentation or other evidence, does not suffice. Unless Klein is "completely impoverished, he must comply to the extent that his finances permit." *Id.*

Finally, the Court cautions Klein that failure to comply with this Order may result in more substantial sanctions. *Matter of Grand Jury Impaneled Jan. 21, 1975*, 529 F.2d at 551. If Klein fails to comply with the Settlement Agreement and/or the fine, and fails to provide evidence of his complete inability to comply, then he may be subject to imprisonment for civil contempt. *Int'l Plastics & Equip. Corp.*, 2011 WL 1399081, at *5.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds Klein in civil contempt of court. If Klein fails to comply with the Settlement Agreement by 11:59 PM EDT on April 28, he must pay a fine of $250 per day to the Eastern District of Pennsylvania until he complies with the Court's Order.

An Order consistent with this Memorandum will be docketed separately.