IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLA PASTERNACK, Executrix | : | |
| of the Estate of Leon Frenkel, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| BRUCE K. KLEIN, et al., | : | No. 14-2275 |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                October 17, 2017

Plaintiff Alla Pasternack, Executrix of the Estate of Leon Frenkel, seeks an award of attorneys' fees and costs in the amount of $197,170.53 following the entry of a judgment in Plaintiff's favor on July 24, 2017. For the following reasons, the Court will award counsel $135,528.68.

**I.    BACKGROUND**

On April 18, 2014, Leon Frenkel sued Bruce Klein and Victory Partners LLC ("Defendants") for breach of contract related to two promissory notes.[1] On August 11, 2014, after Defendants failed to appear, the Court entered a default judgment in favor of Plaintiff. On October 30, 2015, Defendants challenged the sufficiency of Plaintiff's service of the Complaint and moved to set aside the default judgment. After a period of discovery on the issue of service, the Court set aside the default judgment on March 21, 2016, and denied Plaintiff's motion for reconsideration the following month.

---

[1] Leon Frenkel died on March 4, 2017. His daughter and executrix, Alla Pasternack, subsequently substituted herself as plaintiff.

In December 2016, the Court granted partial summary judgment to Plaintiff, finding that Victory Partners LLC breached the Note. On July 24, 2017, following a bench trial conducted on January 9, 2017, this Court found that Defendants breached the Pledge Agreement and pierced the corporate veil of Victory Partners LLC. The Court awarded Frenkel's estate $318,744.01. Defendants appealed. Pursuant to the Court's Order, the issue of attorneys' fees remains.

Both the Victory Partners LLC Note and Pledge Agreement contain attorneys' fee clauses. The Note states:

> Borrower shall pay all costs of collection incurred by Lender, including without limitation, the reasonable attorney's fees and disbursements of Lender's legal representative, which costs may be added to the indebtedness and shall be paid promptly on demand, together with all outstanding amounts due to Lender with interest thereon at the Default rate.

(Pet., Ex. A ¶ 7, ECF. No. 103.) The Pledge Agreement states:

> The parties hereto agree that Pledgor will upon demand pay to Holder the amount of any and all reasonable expenses, including the reasonable fees and expenses of counsel which Holder may incur in connection with (i) the sale of, or realization upon, any of the Collateral, or (ii) the exercise or enforcement of any of the rights of Holder hereunder.

(*Id.*, Ex. B. ¶ 5.)

The Note is governed by Pennsylvania law and the Pledge Agreement is governed by New York law. (*Id.*, Ex. A ¶ 4; *id.*, Ex. B ¶ 11.)

## II. DISCUSSION

### A. Choice of Law

Although Plaintiff sued to enforce his rights under both the Note and Pledge Agreement, which call for the application of Pennsylvania and New York law, respectively, this Court will apply Pennsylvania law to resolve this petition.

A court sitting in diversity applies the choice of law rules of the forum state. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 226 (3d Cir. 2007). Under Pennsylvania law, the first step in a choice of law inquiry is to determine whether there is an actual conflict between the two states' laws. *Id.* at 230. Where the laws do not differ, there is no conflict, and a choice of law analysis is unnecessary. *Id.*

Both Pennsylvania and New York law permit parties to contract for the losing party to pay attorneys' fees and costs, but require the court to scrutinize the reasonableness of a fee request. *See Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992); *Toshiba Am. Med. Sys., Inc. v. Valley Open MRI & Diagnostic Ctr. Inc.*, 674 F. App'x 130, 132–33 (3d Cir. 2016). Under New York law, a court considers, among other factors, "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; . . . and the amount involved." *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987). Under Pennsylvania law, a court considers, among other factors, "the amount and character of the services performed, the difficulty of the problems involved, and the amount of money or value of property in question." *Toshiba Am. Med. Sys.*, 674 F. App'x 130 at 133; *see also In LaRocca's Trust Estate*, 431 Pa. 542, 546, 246 A.2d 337, 339 (1968) (other relevant factors include the difficulty of the problems involved and the importance of the litigation).

The Court has determined that the law of both jurisdictions would produce the same result, and thus there is no conflict. Where no conflict exists, "the Court should avoid the choice-of-law question." *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006).

Contract provisions allowing a party to recover all "reasonable attorneys' fees," like the ones here, do not necessarily entitle a party to all expenses incurred. *See Evergreen Cmty. Power LLC v. Riggs Distler & Co., Inc.*, 513 F. App'x 236, 239–40 (3d Cir. 2013). A court has the "affirmative function" to determine whether the fees requested are reasonable. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001). Although this duty is "less demanding when an award of counsel fees arises from a bargained-for contract clause rather than from a common fund or statute," a court must review the petition "with scrutiny and close evaluation." *Carpenter Tech. Corp. v. Armco, Inc.*, 808 F. Supp. 408, 410 (E.D. Pa. 1992), *aff'd*, 993 F.2d 876 (3d Cir. 1993).

To evaluate the reasonableness of requested fees, a court must exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Hours that are excessive, redundant, or unnecessary are not reasonably expended. *Id.*; *see also Carpenter Tech. Corp.*, 808 F. Supp. at 411 (applying *Hensley* to fee petition arising from a contract provision). The Court must also determine whether the hourly rates requested are reasonable according to the prevailing market rates in the community by considering the experience and skill of the attorneys. *See Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).

### B. Attorneys' Fee Awards

Having breached the Note and Pledge Agreement, Defendants are liable for reasonable attorneys' fees and costs, pursuant to these contracts.

Plaintiff filed a petition for fees and costs, along with detailed billing records and a supporting declaration from Maurice R. Mitts in which he declared that the hours expended were "reasonable and necessary." Because Counts III and IV of the Complaint were settled on the morning of trial, the fee petition pertains to only Counts I and II of the Complaint. Plaintiff has therefore calculated the requested fees on a *pro rata* basis according to the value of the underlying claims in the Complaint.[2] Plaintiff also represents that she has subtracted all fees and costs from a related lawsuit pending against Klein in the Middle District of Florida. Plaintiff seeks $192,784.41 in fees and $4,386.12 in costs.

Defendants object to Plaintiff's form of billing records and claim that counsel overstaffed the matter and recorded an unreasonable number of hours on relatively straightforward issues. In particular, Defendants contest the reasonableness of the time associated with Plaintiff's insufficient service of process and subsequently vacated default judgment. Defendants request that this Court award no more than $100,000.

   *1. Specificity of entries*

A fee petition must be specific enough to permit a court to determine whether the hours claimed are reasonable in light of the work performed. *Washington v. Phila. Cnty. Ct. of Com. Pl.*, 89 F.3d 1031, 1037 (3d Cir. 1996). However, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.* Block billing—the practice of recording multiple tasks in one, non-itemized entry—is permissible so long as "there is a reasonable correlation between the

---

[2] The Victory Partners LLC Note ("VPLLC Note"), which is the basis of Counts I and II of the Complaint and the fee petition before the Court, had a principal of $153,000 (86% of the total principal of $178,000 owed). Counts III and IV, which were settled on January 9, 2017, were premised on a separate promissory note with a principal of $25,000 (14% of the total principal sought). Because Plaintiff is only requesting attorneys' fees related to the VPLLC Note, all fees and costs recorded prior to January 9, 2017 are discounted by 14%.

various activities listed in the block and the time spent completing those tasks." *Hatchett v. Cty. of Phila.*, Civ. A. No. 09-1708, 2010 WL 4054285, at *4 (E.D. Pa. Oct. 15, 2010).

Although Plaintiff's time records consist primarily of block billing entries, the entries are detailed enough to allow the Court to determine whether a reasonable amount of time was expended on each task. For example, Plaintiff has specified the nature of research undertaken, participants involved in conferences, and subject of many communications. *See Carpenter Tech. Corp.*, 808 F. Supp. at 411 (finding documentation of daily time records, including general terms such as "legal research" and "review of correspondence," to be acceptable).

2. *Hourly rates*

Plaintiff's hourly attorney rates are $210, $275 or $315. Non-attorney staff time was billed at $95 per hour. Defendants do not contest the reasonableness of these rates. (Def. Opp'n at 3 n.1.) Although Plaintiff has not submitted evidence on other billing rates in the community, this Court will exercise its discretion, based on its familiarity with community rates and the level of lawyering in this action, to conclude that these rates are reasonable. *See Washington*, 89 F.3d at 1036.

3. *Reasonableness of hours related to insufficient service of process*

Defendants object to any significant recovery of fees related to Plaintiff's insufficient service of process and opposition to Defendants' motion to set aside the default judgment. Defendants argue that they should not be taxed for Plaintiff's procedural error.

Between April 21, 2014 and June 9, 2014, Plaintiff recorded 1.6 hours of entries, totaling $356.04, related to reviewing the insufficient service of process. Between June 2, 2014 and April 26, 2016, Plaintiff recorded 262.1 hours, totaling $53,407.06, in fees related to drafting a default judgment petition, responding to Defendants' ultimately successful motion to set aside the

6

default judgment, and drafting a motion for reconsideration of the Court's decision to set aside the default judgment.

This work was all rooted in Plaintiff's insufficient service and subsequent decision to extensively litigate the issue, which could have been more efficiently redressed through properly serving the Defendants. Plaintiff conducted a significant amount of discovery and research related to the issue of service, which should have revealed its deficiency. The number of hours expended on litigating this issue was excessive and unreasonable reasonable given that the issues were not novel or complex. The Court will deduct these entries totaling $53,763.10 (after the 14% reduction) from its award.

*4. Reasonableness of hours related to post-trial briefing*

Defendants specifically object to the time dedicated to post-trial briefing as duplicative and unnecessary. Plaintiff recorded more than 90 hours of entries on its proposed findings of fact and conclusions of law, including over 7 hours of listening to an audio recording of the one-day trial and up to 38.6 hours of reviewing the trial transcript or preparing an outline of the filing. This is redundant and excessive, particularly in light of the limited nature of issues presented during the one-day trial. As Defendants note, other attorneys attended the trial and could have more efficiently completed the task. The Court will therefore deduct the entire 7.2 hours, totaling $1,980, related to listening to the audio recording of the trial and will reduce by 50% the 38.6 hours, totaling $10,615, related to reviewing the trial transcript and outlining the filing. This deduction more accurately reflects the reasonable amount of time necessary for a lawyer who attended the trial to complete this task. The Court will deduct $7,287.50 from its award.

*5. Unrelated time entry*

Plaintiff states that it has subtracted all attorneys' fees and costs stemming from a fraudulent conveyance action against Klein filed in the Middle District of Florida on February 29, 2016. However, Plaintiff's time records include one February 12, 2016 entry of 2.50 hours with the description, "Revise fraudulent conveyance complaint." This entry seemingly should have been omitted from Plaintiff's fee petition. Accordingly, the Court will deduct this entry of $591.25 (after the 14% reduction) from its award.

*6. Reasonableness of remaining entries*

Defendants generally contest the reasonableness of the number of attorneys and hours recorded for what it now describes as a "straightforward breach of contract action." In particular, Defendants object to the number of conferences among counsel and entries of "trial preparation" by multiple attorneys.

With the exceptions of the specific exclusions listed above, this Court finds the staffing of the matter and remaining entries to be reasonable. In most months, three or fewer attorneys worked on the matter and a significant portion of the tasks were undertaken by attorneys at the lower hourly rates of $210 and $275. *See Carpenter Tech. Corp.*, 808 F. Supp. at 412. Furthermore, some collaboration, particularly between a senior attorney and more junior attorneys or paralegals, is prudent and reasonable. *See Sec. & Data Techs., Inc. v. Sch. Dist. of Phila*, Civ. A. No. 12-2393, 2016 WL 7427758, at *14 (E.D. Pa. Dec. 20, 2016). Accordingly, the hours related to trial preparation, many of which involved conferences between lead trial counsel and more junior attorneys, are reasonable.

*7. Costs*

Plaintiff seeks $4,386.12 in costs, which consist primarily of filing fees, mailing expenses, and transportation costs. Defendants do not specifically object to these costs and the Court finds them to be reasonable.

**III.   CONCLUSION**

For the reasons stated above, the Court has deducted $61,641.85 from Plaintiff's fee petition. Plaintiff is entitled to $131,142.56 in attorneys' fees and $4,386.12 in costs. An Order consistent with this Memorandum will be docketed separately.